IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ORLANDO BETHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 10-009-CG-N |
| | ) | |
| CITY OF MOBILE, ALABAMA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Orlando Bethel brought this lawsuit against the defendants, City of Mobile, Alabama, Mayor Sam Jones in his official capacity, Police Officer Michael P. Ellzey, Police Officer Jonathan David Lee, and three unnamed police officers in their individual and official capacities, for injuries he alleges he suffered when he was arrested and charged with disorderly conduct during a 2009 Mardi Gras parade in Mobile, Alabama. (Doc. 1). On February 8, 2010, the plaintiff filed an amended complaint. (Doc. 14). As part of his complaint, the plaintiff asks "[t]hat this Court issue a Preliminary Injunction to enjoin Defendants' (sic) from enforcing City Ordinance Number/ Section 39-1, which embraces Section 13A-11-7 (Disorderly Conduct), Code of Alabama 1975..." (Id., p.20). Specifically, the plaintiff asks this court to preliminarily enjoin the defendants from acting in such a manner against the plaintiff so that:

(1) Defendants shall permit Plaintiff Orlando to continue to exercise his right to free speech, assembly and religion on public sidewalks and right-of-ways in the City of Mobile during Mardi Gras parades and at other reasonable times, places and manners;

(2) Defendants are prohibited from harassing or threatening to arrest Plaintiff Orlando while Plaintiff engages in preaching and witnessing on public sidewalks and right-of-ways in the City of Mobile during Mardi Gras parades and at other reasonable times, places and manners;

1

(3) Defendants must provide equal treatment to Plaintiff Orlando in all respects to the treatment Defendants provide to those engaging in other activities in the City of Mobile on public sidewalks and right of ways during Mardi Gras parades and at other reasonable times, places and manners;

(4) Defendants will not act in any manner whatsoever to infringe on Plaintiff's Constitutional rights.

(Id. at p. 20-21).

Also on February 8, 2010, the plaintiff filed an emergency motion for preliminary injunction. (Doc. 13). In said motion, the plaintiff argues the following:

1.) Plaintiff Orlando is most likely to succeed on the merits of his Amended Complaint;
2.) An injunction is necessary to provide Plaintiff an unabridged opportunity to engage in protected First Amendment activity and not have his speech further chilled;
3.) Plaintiff will suffer irreparable harm if an injunction is not issued because the Defendants have demonstrated flagrant disregard for protected First Amendment liberties; and
4.) Granting Plaintiff's Injunctive relief is the appropriate way to best serve the public interest in this case.

(Doc. 13, pp. 6-7).

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court..." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the required injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Id., 287 F.3d at 1329; see also McDonald's Corp. v. Robertson, 147 F.3d. 1301, 1306 (11th Cir. 1998). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion" ' as to the four requisites." McDonald's

Corp., 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary).

The plaintiff asserts that there is a substantial threat of irreparable injury if this court were to not grant this preliminary injunction in that his "right to freedom of expression, freedom of association, freedom of speech and religious exercise has been chilled and continues to be chilled" because of the defendants' actions. (Doc. 13, p. 5). This court disagrees.[1] First, "[t]he speculative nature of [the plaintiff's] claim of future injury requires a finding that [the second] prerequisite of equitable relief has not been fulfilled." City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). As stated by the Supreme Court in Lyons,

> it is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between police and a citizen, the police will act unconstitutionally and inflict injury without provocation of legal excuse. And it is surely no more than speculation to assert either that [the plaintiff] himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke [the police's alleged improper acts] by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury.

Id. at 108.

Second, the injury the plaintiff allegedly suffered during the 2009 Mardi Gras parade will not go unrecompensed. He has an adequate remedy at law for that alleged injury, since the legality of the police conduct during the 2009 Mardi Gras parade is at issue in his suit for damages and can be determined there. Since the plaintiff has not and can not show a substantial threat that irreparable injury will occur absent issuance of the injunction, the plaintiff's motion for a

---

[1] Additionally, this court questions whether the plaintiff has the standing to bring a motion for preliminary injunction in this situation. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-110, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

preliminary injunction is due to be denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the plaintiff's motion for preliminary injunction is **DENIED**.

Dated this the 8th day of February, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE